

# NUMBER 13-22-00233-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JULIE SMITH SHODROK,                                                                 Appellant,

v.

THE LEE FIRM, P.C. D/B/A
LEE & LESINSKI AND
SAMANTHA FALCONER                                                               Appellees.

---

### On appeal from the 28th District Court
### of Nueces County, Texas.

---

# ORDER OF ABATEMENT AND
# REFERRING CASE TO MEDIATION

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Order Per Curiam

This cause is before the Court on its own motion. Upon review of the docketing statements in this matter, the Court has determined the case should be referred to mediation. Accordingly, it is ordered that this appeal be abated, and the case be mediated under the following terms and conditions:

1.  The parties must promptly agree upon a mediator and, within fourteen days of this Order, notify the Court in writing of the name and address of the mediator selected. If the parties are unable to agree upon a mediator, they must so notify the Court within the fourteen-day period.

2.  All parties must confer with their mediator within fourteen days of the date of this Order to establish a date and place for the mediation. The parties shall agree on a date for the mediation that is consistent with the mediator's schedule and is no later than thirty days after the date of this Order. In the event the parties cannot agree on a date, the mediator shall select and set a date. The mediator shall notify the Court of the date selected for the mediation.

3.  In the discretion of the mediator, each party may be required to provide a confidential memorandum and/or information sheet setting forth the issues of the case and their positions on these issues. Additionally, upon request of the mediator, the parties shall produce all information the mediator deems necessary to understand the issues of the case. The memorandum and/or information sheet and other information produced to the mediator will not be made a part of the file in this case and will be destroyed by the mediator at the conclusion of the mediation proceeding.

4.  All parties to this matter or their authorized representatives, accompanied by their counsel, must appear and attend the mediation proceeding. In accordance with the Supreme Court of Texas's Emergency Orders Regarding the Covid-19 State of Disaster, the parties may elect to attend the mediation remotely by teleconference or videoconference. The mediation shall be for a full day.

5.  Mediation is a mandatory, non-binding settlement conference conducted with the assistance of a mediator. The mediation proceeding will be confidential within the meaning of the Texas Civil Practice and Remedies Code sections 154.053 and 154.073.

6.  Unless otherwise agreed, the mediation proceeding will not be recorded.

7.  The mediator will negotiate a reasonable fee with the parties. The mediator's fee will be borne equally by the parties unless otherwise agreed by the parties and will be paid directly to the mediator.

8.  Within two days after the conclusion of the mediation, the mediator shall certify to this Court as follows: (a) whether the parties appeared as ordered; (b) whether the case settled; and (c) whether the mediation fees were paid as agreed by the parties.

9.      If mediation fully resolves the issues in this case, the parties must file a joint or agreed motion seeking dispositive relief within fourteen days of the conclusion of the mediation. If the parties need more time to effectuate the terms of the settlement agreement, they must, within fourteen days of the conclusion of mediation, file a joint or agreed motion for an extension of time to file their disposition motion.

It is further ordered that this case is abated pending this Court's review of the mediator's report and further order of this Court.

PER CURIAM

Delivered and filed on the
13th day of July, 2022.